**CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED**

July 31, 2026

**LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff**
**DEPUTY CLERK**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Elwood Lee Smith, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:26-cv-00523 |
| | ) |
| Middle River Regional Jail *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Elwood Lee Smith, an individual incarcerated in Virginia proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Smith asserts a claim arising from the Jail's application of funds taken from him during a traffic stop but then returned to him while he was incarcerated at Middle River Regional Jail. (Dkt. 1.) According to the complaint, Jail staff applied the received funds to a debt, which Smith believes was improper. (*See id.* at 6–7.) Smith submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. (*See* Dkts. 2, 6.)

While the court finds that Smith qualifies to proceed without prepayment of fees or costs, it also finds that the complaint fails to state a claim upon which relief could be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

## I.      Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face, *see Iqbal*, 556 U.S. at 678.

## II.    Analysis

Smith's complaint fails to state a plausible claim of entitlement to relief.  First, liability under § 1983 is personal, meaning that a complaint must specify the individual actions or inactions of each named Defendant that give rise to relief.  *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  Dismissal of a defendant named only in the caption of the case is appropriate when the complaint fails to include any allegations specific to that defendant.  *See Harris v. City of Virginia Beach*, 11 F. App'x 212, 214–15, 217 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement).  The complaint contains no mentions of any actions or inactions of Defendants P. Braverman, T. Heflin, K. Pultz, L. Dull, or A. Hostetter.  The only act of a named Defendant described in the complaint is that Defendant N. Marshall, an employee in accounting, advised Smith that the funds had been applied to a debt. (Dkt. 1 at 6.)  Merely conveying information about the status of the funds does not support any plausible claim that Defendant Marshall was personally involved in a deprivation of Smith's federal or constitutional rights.  Accordingly, Smith's complaint fails to state a plausible claim against any of the named individual Defendants.

Further, the Jail itself is not a viable defendant under § 1983.  To state a cause of action under § 1983, a plaintiff must allege facts indicating that he or she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a *person* acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A facility is not a "person" subject to suit under § 1983.  *Perdue v. Penalosa*, 38

F.3d 1213, 1213 (4th Cir. 1994) (unpublished table decision); *Blaydon v. Sw. Va. Reg'l Jail-Duffield*, No. 7:23-cv-00340, 2024 WL 69828, at *1 (W.D. Va. Jan. 5, 2024).

Finally, Smith does not identify the legal basis for his complaint. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *West*, 487 U.S. at 48. Smith's complaint fails to identify any such basis. Even were Smith to identify a violation of an operating procedure or a violation of state law, these would not support a viable § 1983 claim as they do not indicate any violation of federal or constitutional law. Further, the existence of an adequate state law remedy for any unauthorized seizure of property would foreclose any claim that Smith's due process rights had been violated. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984).

### III.   Conclusion and Order

For these reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also* § 1915A(b)(1) (providing for same bases for dismissal).

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Smith and **CLOSE** the case.

**IT IS SO ORDERED.**

**ENTERED** this 31st day of July, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

-4-